**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

vs.

**GREGORY GRIFFIN,**

               **Defendant.**

5:05-CR-322-012
(NAM)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Andrew T. Baxter<br>United States Attorney<br>Northern District of New York<br>100 South Clinton Street<br>Room 900, P.O. Box 7198<br>Syracuse, New York 13261-7198 | John M. Katko, Esq.<br>Assistance U.S. Attorney |
| Federal Public Defender<br>39 North Pearl Street, 5th Floor<br>Albany, New York 12207<br>*Attorney for Defendant* | Alexander Bunin, Esq.<br>Federal Public Defender |

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM DECISION AND ORDER

**I.     Introduction**

On September 20, 2006, the Court accepted defendant's plea of guilty to conspiracy to engage in a pattern of racketeering activity as part of his membership in the Elk Block Gang in violation of 18 U.S.C. § 1962(d) (Superseding Indictment Count 1). Pursuant to the Plea Agreement, defendant stipulated that as part of the Elk Block Gang, defendant was accountable for more than 5 but less than 20 grams of cocaine base (crack). The parties agreed that, "[d]efendant's Criminal History Category cannot be definitely determined prior to the completion of the presentence investigation".

The Presentence Report ("PSR") dated April 20, 2007 calculated defendant's base offense level at 28 with a three level adjustment for timely acceptance of responsibility resulting in a total offense level of 25.  The PSR designated defendant as a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.1.  Therefore, defendant's offense level was 37 with a three level adjustment for timely acceptance of responsibility for a total offense level of 34 and a Criminal History Category of VI resulting in a Guideline range of 262 to 327 months.

On April 30, 2007, at defendant's Sentencing, the Court stated that it had reviewed the PSR, the addendum, submissions by counsel and the factors outlined in 18 U.S.C. § 3553(a).  The Court adopted defendant's designation as a career offender but found that the Guideline range substantially overstated the seriousness of defendant's prior offenses. The Court noted that the felony convictions used to trigger the career offender classification occurred when defendant was 17 (youthful offender) and 19 years of age and involved small quantities of drugs.  The Court stated:

> I believe the use of a Criminal History of V and an offense level of 27 in sentencing will establish a more appropriate relationship between [defendant's] sentence and the instant offense, the nature of [the] prior offenses and the time served for these prior convictions while continuing to achieve a deterrent effect that is the goal of a career offender classification and also to adequately address the concerns regarding recidivism.

This departure resulted in a Guideline range of 120 to 150 months.  The Court further noted:

> Therefore, upon your plea of guilty to Count 1 of the superseding indictment and having departed downward pursuant to the sentencing guideline 41.3.  It is the judgment of the Court that you are hereby

2

>committed to the custody of the Bureau of Prisons for a term of 120 months.[1]

In January 2009, defendant moved *pro se* for a reduced sentence based upon 18 U.S.C. § 3582(c)(2) and the Amendments to the Guidelines § 2D1.1(c). The Court denied defendant's motion and stated, "[t]he defendant's guideline scoring was not based on the amount of crack cocaine he was involved with.  As such, he is not eligible for the reduction he is requesting". *See U.S. v. Griffin*, 05-CR-0322, Dkt. No. 654 (January 15, 2009).

Presently before the Court is defendant's motion (Dkt. Nos. 658, 670) for reconsideration of this Court's prior Order.  Defendant seeks a two-level reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(o) and U.S.S.G. § 1B1.10.[2]  The government has opposed the motion (Dkt. No. 673).  For the reasons set forth below, the motion is denied.

**II.     Discussion**

A district court is authorized to reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission  . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *U.S. v. Martinez*, 2009 WL 2004208, at *2 (2d Cir. 2009) (citing 18 U.S.C. § 3582(c)(2)).  In March 2008, Amendment 706 to the Guidelines, which reduced offense levels under § 2D1.1 - applicable to crack cocaine offenses - by two levels, was made retroactive by Amendment 713 (collectively, the " 'crack'

---

[1] The reference in the Sentencing Transcript to "41.3" is a stenographical error.  The Court was relying upon U.S.S.G § 4A1.3 entitled Departures Based on Inadequacy of Criminal History Category.  Indeed, the Guidelines do not contain any section defined as 41.3.

[2] Defendant originally moved, *pro se*, for reconsideration. (Dkt. No. 658).  The Federal Public Defender entered an appearance on behalf of defendant on February 17, 2009 and supplemented the motion. (Dkt. No. 670). The Court deems defendant's citation to "U.S.S.G. § B1.10" a typographical error.

cocaine amendments"). *Id*. The policy statement provides that a district court, when considering whether a reduction is warranted, "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." *U.S. v. Savoy*, 567 F.3d 71, 73 (2d Cir. 2009). The career offender guideline, § 4B1.1, remains unaffected by the crack cocaine amendments. *Martinez*, 2009 WL 2004208, at *2.

In this case, defendant relies upon the Second Circuit holding in *U.S. v. McGee*, 553 F.3d 225 (2d Cir. 2009), and argues that defendant is eligible for a reduction under § 3582(c)(2) because this Court departed from the career offender guideline range and sentenced defendant, at least in part, on defendant's crack guideline range. Defendant argues that a two-level reduction would yield an amended crack guideline range of 100 to125 months and defendant seeks an amended sentence of 100 months representing the "bottom of this range".[3]

In *McGee*, the Second Circuit addressed the "narrow issue" of, "whether the fact that the district court granted a downward departure under U.S.S.G. § 4A1.3 from the career offender guideline range down to the crack guideline range, upon finding that the career offender status overstated defendant's criminal history rendered the defendant eligible for a two-level sentence reduction". *McGee*, 553 F.3d at 227. In the recent case of *U.S. v. Martinez*, the Second Circuit further clarified its holding in *McGee*. *See Martinez*, 2009 WL 220428 at *2.[4] In *Martinez*, defendant was designated as a career offender and was subject to a Guideline range of 151 to 188

---

[3] Defendant argues that, "a two-level reduction would yield an amended crack guideline range of 70 to 87 months. Retaining the same departure as granted during his original sentencing would result in a range of 100 to 125 months". The Court notes that a two-level reduction to an offense level of 25, retaining the same Criminal History Category of V, would yield a Guideline range of 100 to 125 months. *See* U.S.S.G. Chapter 5, Part A.

[4] Because the Second Circuit decided *Martinez* on July 13, 2009, after the parties submitted their arguments on this motion, neither party addressed the holding.

months.  *Id*. at *1.  Upon the recommendation of the probation officer, the District Court imposed a sentence of 151 months based upon defendant's "long criminal history and difficult personal circumstances".  *Id*.  Defendant moved for a sentence reduction pursuant to § 3582(c) and argued that, although he was sentenced under the career offender guideline range, the "base offense level" for his sentence was calculated under the crack cocaine guideline which meant that his sentence was based on the now-amended § 2D1.1 qualifying defendant for a reduction.  *Id*.  The Court disagreed and in doing so, discussed the holding in *McGee*.  *Martinez*, 2009 WL 2004208, at *2.  The Court stated that, "[w]e permitted a reduction of McGee's sentence because 'the district court explicitly stated that it was departing from the career offender sentencing range to the level that the defendant *would have been in absent the career offender status* calculation and consideration,' and it was thus effectively sentencing him under the crack cocaine guidelines".  *Id*. (emphasis supplied).  The Court noted that, "[i]n other words McGee *could have been* sentenced under § 4B1.1 but was in fact sentenced under § 2D1.1.  *Id*.  Because his career offender designation did not determine his sentence, § 2D1.1 applied for purposes of sentence reduction, rather than § 4B1.1."  *Id*. (emphasis supplied).  The Court held, quoting other Circuit Courts, that a defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines.  *Martinez*, 2009 WL 2004208, at *3.  Therefore, the Court stated that since Martinez was sentenced under § 4B1.1 and not the crack cocaine guideline, he was not eligible for a sentence reduction.  *Id*. at *4.

In this matter, the government argues that defendant's motion should be denied as the Court departed from the career offender guideline range not the applicable crack guideline range.  The Court agrees.  The record establishes that defendant's sentence was below defendant's career

offender range (262-327 months) but above defendant's non-career offender range (84 to 105 months). *See U.S. v. Smith*, 614 F.Supp.2d 433, 435 (S.D.N.Y. 2009) (holding that the defendant was not eligible for a reduction as the Court imposed a sentence of 110 months, a sentence that was below the defendant's career offender range but above the defendant's non-career offender range, after considering factors set forth in § 3553(a)). During defendant's Sentencing, this Court explicitly stated that the departure was pursuant to the career offender guidelines; the sentencing range in the crack cocaine guidelines had no bearing on defendant's sentence. The record is devoid of any evidence that the crack cocaine guidelines played any role in this Court's determination of defendant's sentence. *See Smith*, 614 F.Supp at 435-36 (defense counsel argument, set forth in the defendant's Sentencing Memorandum, that the Court should take the defendant's non-career offender range into account is irrelevant absent any express indication that the Court accepted that argument). Therefore, the Court finds that the retroactive crack cocaine sentence reduction amendment does not apply and defendant is not eligible for a reduced sentence.

### III. Conclusion

It is therefore,

**ORDERED** that defendant's motion (Dkt. Nos. 658 and 670) to reduce his sentence is DENIED.

**IT IS SO ORDERED.**

Date:  August 3, 2009

Norman A. Mordue
Chief United States District Court Judge

6